UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-230 (JRT/DJF)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ISABEL LOPEZ,

        Defendant.

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Rebecca E. Kline, Assistant United States Attorney, hereby files the following motion for an entry of a protective order governing discovery. The government has conferred with counsel for the defendant, who objects to the motion insofar as the proposed protective order does not provide a procedure for the exclusion of materials from protection.

In support of the motion, the government states as follows:

1. Defendant Isabel Lopez is charged with three counts of assault on a federal officer and one count of obstruction during civil disorder. Three of the four charges stem from a federal search warrant executed on June 3, 2025, near Cuatro Milpas restaurant in Minneapolis. During the execution of the warrant, community members mistakenly believed that the warrant execution was in fact an ICE raid. In response, protesters began to gather in the area and engaged in various actions to obstruct and physically assault them. Lopez was present in the area and was involved in physically assaulting two different law enforcement officers on the scene.

The final charge for assault on a federal officer resulted from Lopez's punching another law enforcement officer during her arrest on June 9 in connection with a criminal complaint.

2. The discovery to be provided by the government includes numerous documents containing highly sensitive information, including the names and personal identifying information of other persons that participated in the events of June 3, 2025, who have not been charged by the government. The unrestricted dissemination of this information could adversely affect law enforcement interests and the privacy interests of those individuals and other third parties.

3. The redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties.

4. Therefore, the government respectfully requests that this Court enter a Protective Order limiting the dissemination of that class of information considered "Protected Material." Specifically, Protected Material includes all information produced by the government in this case, except matters of public record, the defendant's own statements, criminal history information, and expert reports.

5. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by defendant and defense counsel

and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to her activities as counsel to a defendant in this action; (c) that defense counsel, the defendant, and other members of the defense teams, including defense experts and investigators, may have access to the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendant, shall be informed of the terms of the Protective Order prior to disclosure; (e) that the use of the Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and her counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government within 60 days of the conclusion of this litigation, including appeals.

    WHEREFORE, the Government respectfully moves this Court to enter the proposed protective order.

Dated: June 23, 2025                                                           Respectfully Submitted,

                                                                                REBECCA E. KLINE
                                                                                Acting United States Attorney

BY:  <u>/s/ *Rebecca E. Kline*</u>
     REBECCA E. KLINE
     Assistant United States Attorney