UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 25-230 (JRT/DJF)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO DISMISS COUNT 3** |
| | ) | **AS UNCONSTITUTIONAL** |
| ISABEL LOPEZ, | ) | |
| Defendant. | ) | |

Defendant Isabel Lopez, through undersigned counsel, hereby moves the Court for an Order dismissing Count 3 of the Indictment on the grounds that the statute charged, 18 U.S.C. § 231(a)(3) is unconstitutional for the following reasons: 1) It is overbroad in that encompasses conduct protected by the First Amendment including free speech and freedom of assembly, and 2) the term "civil disorder" as used in the statute is overly vague in violation of Ms. Lopez's Fifth and Fourteenth Amendment due process rights.

**1. VIOLATION OF FREE SPEECH**.

A statute may be overbroad if "it prohibits a substantial amount of protected speech." United States v.Williams, 553 U.S. 285, 292, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008). "Overbreadth attacks have also been allowed where the Court thought rights of association were ensnared in statutes which, by their broad sweep, might result in burdening innocent associations." Broadrick v. Oklahoma, 413 U.S. 601, 612, 93 S. Ct. 2908, 2916, 37 L. Ed. 2d 830 (1973) (citations omitted). Further, an otherwise constitutional statute "may nevertheless be 'overbroad' if in its reach it prohibits

constitutionally protected conduct." Grayned v. City of Rockford, 408 U.S. 104, 114, 92 S. Ct. 2294, 2302, 33 L. Ed. 2d 222 (1972); see also City of Houston v. Hill, 482 U.S. 451, 458, 107 S. Ct. 2502, 2508, 96 L. Ed. 2d 398 (1987) ("[I]n a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct.")

18 U.S.C. § 231(a)(3), which prohibits "any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder." is so broad that it criminalizes protected conduct including assembling with others or participating in a political protest if the government arbitrarily decides that the gathering is a civil disorder, or potentially expressing opposition to the government in a manner that the government deems to be interference but could be deemed protected speech. "Civil disorder" is defined as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). This definition fails to sufficiently narrow the prohibited conduct to constitutional parameters. It holds persons exercising their First Amendment rights vicariously liable for the acts of others regardless of whether a defendant is participating in those acts.

At first glance, Ms. Lopez's constitutional challenge may seem complicated by 8th Circuit previously rejecting a First Amendment challenge to 18 U.S.C. § 232(a)(3) in United States v. Mechanic, 454 F.2d 849 (8th Cir. 1971). However Mechanic is distinguishable where the court state, "The short answer to the defendants' contention that

2

the statute prohibits protected speech is that, as we read it, § 231(a) (3) has no application to speech, but applies only to violent physical acts." Id. at 852. The defendant in Mechanic threw a cherry bomb at police which exploded, while others set fire to and ransacked an Army ROTC building. Id. at 851. The indictment in the instant case, however, does not allege any violent acts which would be sufficient to justify the application of § 231(a) (3) based on the 8th Circuit's interpretation of the statute. Further, even the underlying allegations against Ms. Lopez involve at most a de minimis use of force. (See Complaint, Doc. 1). Thus, the statute as utilized in the Indictment in this case is unconstitutionally overbroad as it covers conduct beyond the scope of what the 8th Circuit previously held could be constitutionally prohibited under the statute.[1]

## 2. VIOLATION OF DUE PROCESS.

A statute is unconstitutionally vague if "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. 591, 595, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015); see also City of Chicago v. Morales, 527 U.S. 41, 56, 119 S. Ct. 1849, 1859, 144 L. Ed. 2d 67 (1999). The statutory language of "obstruct, impede, or interfere" is overly vague because it can be interpreted to prohibit innocuous or constitutionally protect interactions between individuals and law enforcement officers. The officers could construe a person loudly yelling objections to their conduct or criticizing them to be interfering.

---

[1] Ms. Lopez further reserves her right to challenge the holding of Mehanic on further appeal.

The statutory language is also overly vague because that it is not clear whether a defendant must obstruct, impede, or interfere with officers or whether the defendant must participate in the civil disorder. The definition of "civil disorder" is "any public disturbance involving acts of violence by assemblages of three or more persons." 18 U.S.C. § 232(1). A defendant merely must commit the objections acts "during the commission of a civil disorder." 18 U.S.C. § 231(a)(3). An ordinary person cannot tell if they actually must participate in violence or merely be present where others or violent to be exposed to criminal liability.[2]

## CONCLUSION

For the foregoing reasons, Ms. Lopez requests that Count 3 of the Indictment be dismissed.

Dated: September 5, 2025   LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com

---

[2] Mechanic rejected a void for vagueness challenge to the statute on the grounds that "civil disorder" was inadequately defined. 454 F.2d at 853. Since Ms. Lopez's challenge is based on other arguments, Mechanic's holding is inapplicable.