UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 25-cr-230 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Isabel Lopez, | |
| Defendant. | |

This matter is before the Court on Defendant Isabel Lopez's Motion to Compel Disclosure of Evidence Favorable to Accused (ECF No. 38), Motion for Discovery (ECF No. 39), and Motion for Disclosure Relating to Law Enforcement Officers (ECF No. 40). Based on the Motions, the Government's Response (ECF No. 46), the letters from counsel (ECF Nos. 51, 52, 59, 61), and the entire file, the Court enters the following Order.

**I.    MOTION FOR *BRADY* MATERIALS**

Ms. Lopez's Motion to Compel Disclosure of Evidence Favorable to Accused (ECF No. 38) seeks an order compelling the Government to disclose any evidence that may be favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The Court has already ordered the Government to disclose such evidence on at least three prior occasions. (ECF Nos. 6, 7, 14 at 3.) The Government acknowledges it has an affirmative and ongoing obligation to disclose *Brady* evidence. (ECF No. 46 at 6.) This motion does not identify any particular *Brady* evidence Ms. Lopez believes the Government has improperly withheld or advance any argument as to why the Court's previous orders are insufficient. This motion (ECF No. 38) is therefore **DENIED** as moot.

1

## II.  MOTION FOR DISCOVERY

Ms. Lopez's Motion for Discovery (ECF No. 39) includes 27 separate discovery requests. The majority of these requests are boilerplate demands, which were previously addressed in the Court's Scheduling Order (*see* ECF No. 14 at 2-4) or seek materials the Government has already produced (*see* ECF Nos. 46 and 51). Except for law enforcement officer employment and misconduct records, discussed in greater detail below, Ms. Lopez has neither identified any particular discovery materials she believes the Government has failed to produce in response to her discovery requests, nor advanced any argument as to why she believes the Scheduling Order is insufficient. (*See* ECF No. 59.) **Requests 1-6**, **18**, **21** and **23-25** are **DENIED** as **MOOT** for these reasons.

### A.  Request 7 (Searches)

Request 7 seeks information regarding searches and related search warrants. The Government states that only one search warrant was executed in this case, which authorized a search for data from Ms. Lopez's phone. (ECF No. 46 at 9.) The Government stated it planned to disclose the search warrant and phone data extraction by October 3, 2025. (ECF No. 51 at 2; ECF No. 52 at 1.) Therefore, the Government likely has already fully responded to this request. However, since neither party has confirmed the disclosure on the record, Request 7 is **GRANTED** to the extent these materials have not already been disclosed.

### B.  Requests 8-11 (Witness Information)

Request 8 seeks the names and addresses of witnesses whom the Government intends to call at trial. This request is **DENIED WITHOUT PREJUDICE** as premature. The Court will not require either party to produce a witness list at this time.

Request 9 seeks the names and addresses of all witnesses to the incident whom the Government does not intend to call at trial.  To the extent Ms. Lopez seeks disclosures required under *Rovario v. United States,* 353 U.S. 53 (1957), the Court has already entered an order regarding such disclosures (*see* ECF No. 14 at 4) and the request is **DENIED** as moot.  This request is otherwise **DENIED** on the ground that it exceeds the scope of the Government's disclosure obligations.

Request 10 seeks statements from both testifying and non-testifying witnesses no later than twenty working days before trial.  To the extent Ms. Lopez seeks statements from testifying witnesses pursuant to the Jencks Act, the Court has already entered an order addressing the timing of disclosure of such information (*see* ECF No. 14 at 3) and the request is **DENIED** for the reasons previously stated.  This request is otherwise **DENIED** on the ground that it exceeds the scope of the Government's disclosure obligations.

Request 11 seeks arrest and conviction record information related to testifying Government witnesses.  This request is **GRANTED** insofar as this information must be disclosed pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).  To the extent Ms. Lopez seeks immediate disclosure of this information, her request is **DENIED**.  *See, e.g., United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011) (holding the Government's disclosure obligations are satisfied if impeachment materials are produced in sufficient time for the defendant to use them for impeachment).

### C.    Requests 12 and 13 (Grand Jury Materials)

Requests 12 and 13 seek the names and addresses of Grand Jury witnesses and the minutes and transcripts of Grand Jury proceedings.  To the extent Ms. Lopez seeks Grand Jury statements from Government witnesses who will testify at trial, the Court has already entered an order addressing the disclosure of Jencks Act information (*see* ECF No. 14 at 3) and the request is

**DENIED** as moot.  To the extent Ms. Lopez seeks Grand Jury materials related to other witnesses, the request is **DENIED** on the ground that it exceeds the scope of the Government's disclosure obligations.  It is a "well-established rule" that "grand jury testimony is generally not discoverable on pretrial motion."  *United States v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978).  Parties seeking disclosure of grand jury testimony must show a "particularized need" for it.  *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997).  Ms. Lopez has demonstrated no such particularized need.

### D.     Request 14 (Request for *In Camera* Review)

Ms. Lopez asks the Court to review the Government's entire case file *in camera* to determine whether any withheld materials are *Brady* materials that must be disclosed.  Ms. Lopez cites no authority or grounds for such extraordinary relief and this request is therefore **DENIED**.

### E.     Requests 15-17 and 20 (Informant Information)

Requests 15-17 and 20 seek information related to confidential informants.  Government counsel states that she is not aware of any confidential informants used in this case.  (ECF No. 46 at 13.)  Moreover, to the extent Ms. Lopez seeks disclosures required under *Rovario v. United States,* 353 U.S. 53 (1957), the Court has already entered an order regarding such disclosures (*see* ECF No. 14 at 4) and the requests are **DENIED** as moot.  These requests are otherwise **DENIED** on the ground that they exceed the scope of the Government's disclosure obligations and Ms. Lopez has failed to identify any legal authority or particularized need for the information.

### F.     Requests 19, 22, 26, and 27 (Additional Materials)

Ms. Lopez makes various requests that the Government opposes on grounds that they are overbroad and fall outside the Government's disclosure obligations.  Request 19 seeks information concerning other arrests, searches or actions that are related to this case.  Requests 22, 26 and 27

seek policies and procedures: (1.) used in connection with any testing or examination of seized items; (2.) related to the law enforcement presence during the incident; and (3.) related to her arrest. These requests are **DENIED**. "Criminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). "In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924. Ms. Lopez has neither explained how these materials might be material to preparing her defense under Federal Rule of Criminal Procedure 16(a)(1)(E)(i), nor advanced any other argument as to why they are discoverable under any applicable case precedent or rule. In the absence of any obvious ground or asserted disclosure requirement, the Court finds these materials fall outside the scope of the Government's discovery obligations.

## III.   LAW ENFORCEMENT OFFICER INFORMATION

The Indictment charges Ms. Lopez with assaulting and impeding law enforcement officers during a civil disorder on June 3, 2025 and during her arrest on June 9, 2025. (ECF No. 9; *see also* ECF No. 45 at 5.) Ms. Lopez's Motion for Disclosure Relating to Law Enforcement Officers (ECF No. 40) requests information on all law enforcement officers who came into physical contact with her during either of these incidents. (*See also* ECF No. 59.) Her motion (ECF No. 40) is **GRANTED IN PART** and **DENIED IN PART** as further set forth below.

### A.   Request 1 (Identifying Information)

Request 1 seeks, for each officer who came into physical contact with Ms. Lopez, the officer's name, agency, task force (if any), assignment, and "a description of the nature and substance of their encounter(s) with Ms. Lopez." (ECF No. 40 at 1.) The Government states that it has already disclosed all the reports and body camera footage from the incidents, which "should

readily allow Ms. Lopez to identify the officers that were involved in these incidents, including their employers, roles, and the nature of their interactions with Ms. Lopez." (ECF No. 46 at 17.)

Ms. Lopez's demand seeks to impose a burden on the Government that exceeds its disclosure obligations. Ms. Lopez has not pointed to any specific officer or officers on the video footage whose identifying information she has been unable to find in the reports and other materials previously disclosed. Rather, she demands a comprehensive summary derived from information she likely already has. The Court will not require the Government to cull through evidence that is already in Ms. Lopez's position and prepare work product for her benefit. *See Odem v. Hopkins*, 192 F.3d 772, 777 (8th Cir. 1999) (declining to "impose a duty on the prosecution to do the defense's work"). Request No. 1 is therefore **DENIED** to the extent Ms. Lopez seeks a summary of identifying information related to *all* officers who came into physical contact with her during the incidents. However, to the extent Ms. Lopez is unable to identify any *specific* officer based on a thorough, good faith review of the information disclosed, she must propound a request for information related to that specific officer and the Government shall produce the requested identifying information for that officer. Request No. 1 is therefore **GRANTED** to that extent.

### B.     Request 2 (Disciplinary Record Information)

Request 2 seeks disciplinary record information for all officers who came into physical contact with Ms. Lopez during the incidents, including complaints, employment actions, investigations, legal actions, or adjudications of dishonesty. (ECF No. 40 at 1-2; ECF No. 59.) Ms. Lopez argues this information must be disclosed pursuant to *Brady* and *Giglio*. (ECF No. 59.)

Under *Brady,* the Government must produce all material evidence favorable to the accused. *United States v. Bagley,* 473 U.S. 667, 682 (1985). Material evidence is that kind of evidence

6

which, if present at trial, creates a reasonable probability that the result in the proceedings would be different. *Id.* Such material evidence can include both exculpatory evidence and impeachment evidence, that is, "evidence affecting credibility." *Giglio*, 405 U.S. at 154. *Giglio* requires the Government to produce evidence that "might be valuable in impeaching government witnesses" such as law enforcement officers. *United States v. Pou*, 953 F.2d 363, 366 (8th Cir. 1992).

The Government contends Request 2 exceeds its disclosure obligations in that it seeks information related to non-testifying officers. The Court agrees. Because an officer who does not testify cannot be impeached, the obligation to disclose impeachment information recognized in *Giglio* "only applies to testifying officers." *United States v. Begay*, No. 21-cr-119 (NEB/LIB), 2022 WL 1110195, at *4 (D. Minn. Jan. 6, 2022), *report and recommendation adopted*, No. 21-cr-119 (NEB/LIB), 2022 WL 683090 (D. Minn. Mar. 8, 2022) (citing cases). Furthermore, Ms. Lopez advances no argument as to why these materials otherwise might be exculpatory under *Brady*. *See Begay*, 2022 WL 1110195, at *4-5 (finding evidence of non-testifying officer's misconduct was not exculpatory); *United States v. Van Brocklin*, 115 F.3d 587, 594 (8th Cir. 1997) ("Mere speculation that materials may contain exculpatory evidence is not … sufficient to sustain a *Brady* claim.") (citing *United States v. Agurs,* 427 U.S. 97, 109-110 (1976)). Because Ms. Lopez fails to explain why disciplinary records for non-testifying officers might contain material exculpatory evidence under *Brady*, and she proffers no other legal authority to support her request for these records, the Court denies it.

The Government further opposes Request 2 on the ground that it seeks *all* disciplinary records, including "unproven, unsubstantiated, or meritless complaints." (ECF No. 61.) Evidence must be material to the outcome to mandate its production under *Brady* or *Giglio*. *See United States v. Jeanpierre*, 636 F.3d 416, 424 (8th Cir. 2011) (defendant must show "a reasonable

probability that, had [the evidence] been disclosed to the defense, the result of the proceeding would have been different.") (citing *United States v. Garcia,* 562 F.3d 947, 952 n.7 (8th Cir.2009)); *see also United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023) (no *Brady* or *Giglio* violation based on belated disclosure of testifying officer's DUI conviction or failure to disclose tax returns, which court found to be immaterial). The Government, relying on case law from other circuits, argues that "unproven, unsubstantiated, or meritless" complaints against law enforcement officers are immaterial *per se*. (ECF No. 61 at 1-2) (citing *United States v. Dabney*, 498 F.3d 455, 459 (7th Cir. 2007); *United States v. Taylor*, 417 F.3d 1176, 1180 (11th Cir. 2005); *United States v. Amiel*, 95 F.3d 135, 145 (2d Cir. 1996)).

This Court declines to adopt such a *per se* rule. There may be circumstances in which the volume or nature complaints against an officer is so overwhelming, or the investigation of such complaints is so deficient, that a court might find them material to the outcome notwithstanding that the Government previously deemed them "unsubstantiated." *See* U.S. Dep't of Justice, *Investigation of City of Minneapolis and Minneapolis Police Department* 67 (2023), https://www.justice.gov/d9/2023-06/minneapolis_findings_report.pdf (U.S. Department of Justice Report finding Minneapolis Police Department's accountability system "fundamentally flawed … where meritorious complaints are dismissed without investigation and often for no discernable reason."). The Government bears the risk in these circumstances that a conviction might be overturned if it withholds such information and a court later finds it material.

However, without more, a general order directing the Government to disclose all unsubstantiated complaints against every testifying officer who came into contact with Ms. Lopez is unwarranted in this case. Ms. Lopez proffers no reason to believe such unsubstantiated complaints will affect the outcome. And given that the Government bases its case against Ms.

8

Lopez largely on video evidence (ECF No. 1-1 at 9-15), the likelihood that such complaints will meet the materiality threshold appears to be low.  Request 2 is therefore **DENIED** to the extent Ms. Lopez seeks a blanket order requiring the Government to produce evidence of "unproven, unsubstantiated, or meritless" complaints against all officers who came into physical contact with her during the incidents.

Insofar as Ms. Lopez seeks evidence of substantiated complaints, disciplinary actions or charges against testifying officers who came into contact with her, her request is **GRANTED** pursuant to *Giglio*.  However, to the extent Ms. Lopez seeks immediate disclosure of this information (*see* ECF No. 59), her request is **DENIED**.  The Government is under no obligation to identify its trial witnesses at this stage in the case, and its *Brady* and *Giglio* obligations will be met if this information is disclosed in sufficient time for Ms. Lopez to use it at trial.  *See, e.g., United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011) (holding the Government's disclosure obligations are satisfied if impeachment materials are produced in sufficient time for the defendant to use them for impeachment).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Disclosure of Evidence Favorable to Accused (ECF No. 38) is **DENIED** as moot;

2. Ms. Lopez's Motion for Discovery (ECF No. 39) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein; and

3. Ms. Lopez's Motion for Disclosure Relating to Law Enforcement Officers (ECF No. 40) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

Dated:  December 19, 2025                              *s/ Dulce J. Foster*
                                                                      Dulce J. Foster
                                                                      United States Magistrate Judge