UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Crim. No. 25-230 (JRT/DJF)

Plaintiff,

v.

ISABEL LOPEZ,

Defendant.

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

---

Rebecca Kline, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Jordan S. Kushner, **LAW OFFICE OF JORDAN S. KUSHNER**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for Defendant.

Defendant Isabel Lopez faces three counts of assaulting, resisting, and impeding certain officers under 18 U.S.C. § 111(a)(1) and one count of obstruction of law enforcement during civil disorder under 18 U.S.C. § 231(a)(3). Counts 1 through 3 of the Indictment allege that on June 3, 2025, Lopez assaulted and obstructed law enforcement officers as they executed a search warrant at a restaurant in Minneapolis, Minnesota, which was part of an investigation into a suspected drug-trafficking conspiracy linked to certain transnational criminal organizations. Count 4 alleges that Lopez assaulted, resisted, and impeded certain officers during her arrest on June 9, 2025 for her alleged conduct on June 3, 2025. Lopez filed a Motion to Dismiss Indictment for Failure to State an Offense as to Counts 2 and 3 of the Indictment and a Motion to Dismiss Count 3 as

Unconstitutional. On November 25, 2025, United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") recommending the Lopez's motions to dismiss be denied. Lopez timely objected. After de novo review, the Court will overrule Lopez's objections, adopt the R&R, and deny Lopez's motions to dismiss.

## BACKGROUND

### I.   FACTS

On June 3, 2025, federal agents from the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), Internal Revenue Service (IRS), and Homeland Security Investigations (HSI) executed search warrants at eight locations in the Twin Cities. (Aff. of Monica Evans ("Evans Aff.") ¶ 4, June 9, 2025, Docket No. 1-1.) The search warrants were executed as part of criminal investigation into a suspected conspiracy by a drug trafficking organization. (*Id.*)

On or around 10:00 a.m., federal agents began executing a search warrant at the Cuatro Milpas restaurant, located at 1526 East Lake Street in Minneapolis, Minnesota. (*Id.* ¶ 9.) While federal agents were executing the warrant, a crowd of about 100 people formed to protest. (*Id.* ¶ 10.) Federal agents reported that the crowd mistakenly believed the agents were there to arrest individuals for immigration violations. (*Id.* ¶ 11.) Recognizing the perceived misunderstanding, the officers explained to the protesters that the warrant was not related to immigration. (*Id.*) As the crowd size increased and became more agitated, the federal agents called for backup. (*Id.* ¶ 13.) Additional federal agents,

Hennepin County Sheriff's Office (HCSO) deputies, and Minneapolis Police Department (MPD) officers responded to the scene. (*Id.* ¶ 13.) The crowd members allegedly assaulted both federal and local law enforcement officers. (*Id.* ¶¶ 12–14.)

Following the incident, federal agents reviewed body-camera footage and open-source video and determined that Lopez was among the individuals who assaulted the officers during the protest. (*Id.* ¶ 15.) In the footage, Lopez was observed attempting to hit at least one of the FBI SWAT agents "with her arms and/or closed fist." (*Id.* ¶ 18.) Members of the crowd restrained her, but while being restrained, Lopez allegedly kicked an FBI SWAT officer and resisted other officers. (*Id.*) Lopez then broke free of the crowd members that were restraining her and allegedly pushed another FBA SWAT officer with her arms. (*Id.* ¶ 19.)

Roughly six minutes after the first incident, footage shows that Lopez was standing on a trash can in the middle of the street. (*Id.* ¶ 20.) At that time, members of the crowd used trash cans to block law enforcement vehicles by placing them in the street and standing on them to prevent their removal. (*Id.*) At one point, federal officers approached Lopez to attempt to get her down from the trash can. (*Id.* ¶ 21.) Lopez then slipped and fell onto the trash can, and as officers attempted to help Lopez off the trash can, Lopez allegedly pushed and kicked the officers. (*Id.*)

Later, as federal officers and local police were departing, footage shows that Lopez targeted officers who were directing pedestrians away from the departing vehicle convoy.

(*Id.* ¶ 22.)  Lopez allegedly threw "a softball or other ball-shaped object" at the officers, including a HCSO deputy and ATF Task Force Officer.  (*Id.* ¶ 23.)  After throwing the ball at the officers, Lopez retrieved it and threw it again at another HCSO deputy.  (*Id.* ¶ 24.)

## II. PROCEDURAL HISTORY

On June 9, 2025, the Government charged Lopez through a Complaint.  (*See* Compl., June 9, 2025, Docket No. 1.)  That same day, Lopez was arrested, and during the arrest, she allegedly punched an FBI agent in the ear while holding a soda can.  (*See* Gov't's Response at 5, Sept. 22, 2025, Docket No. 46; Indictment at 2–3, June 10, 2025, Docket No. 9.)  She further attempted to flee the agents' vehicle after her arrest.  (Gov't's Response at 5.)

Lopez was indicted on June 10, 2025, and charged with three counts (Counts 1, 2, and 4) of assaulting, resisting, and impeding certain officers in violation of 18 U.S.C. § 111(a)(1) for her alleged assaults against the FBI SWAT officer and the HCSO deputy on June 3 and her assault against the FBI agent during her arrest on June 9.  (Indictment at 1–3.)  Lopez was also charged with Obstruction of Law Enforcement During Civil Disorder in violation of 18 U.S.C. § 231(a)(3) stemming from her alleged conduct on June 3.  (*Id.* at 2; *see also* Gov't's Response at 5.)

Lopez moves to dismiss Counts 2 and Count 3 for failure to state an offense.  (Mot. to Dismiss Indictment for Failure to State Offense, Sept. 4, 2025, Docket No. 41.)  Lopez also moves to dismiss Count 3 on the basis that 18 U.S.C. § 231(a)(3) is unconstitutional,

arguing that the statute violates Lopez's free speech rights under the First Amendment and her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.  (Mot. to Dismiss Count 3 as Unconstitutional, Sept. 5, 2025, Docket No. 42.)

On November 25, 2025, the Magistrate Judge issued an R&R recommending that Lopez's motions be denied.  (R&R, Nov. 25, 2025, Docket No. 62.)  Lopez timely objected to the R&R, incorporating the arguments previously presented to the Magistrate Judge.  (Objs., Dec. 9, 2025, Docket No. 63.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

After a magistrate judge issues an R&R, "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations . . . ."  D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, Civ. No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo "properly

objected to" portions of an R&R.[1]  D. Minn. LR 72.2(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

## II.  ANALYSIS

Because Defendant's motions to dismiss are dispositive, the Court will review the Magistrate Judge's determinations de novo.  *See* D. Minn. LR 72.1(a)(3)(A), 72.2(b)(3).

### A.  Motion to Dismiss Indictment for Failure to State an Offense

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  The indictment must state "the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*  A defendant can move to dismiss an indictment if it fails to state an offense.  Fed. R. Crim. P. 12(b)(3)(B)(v).  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001).  "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said,

---

[1] In the civil context, "[o]bjections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).  It is unclear whether this rule applies in the criminal context.  *See United States v. Chopra*, Crim. No. 19-305, 2021 WL 347415, at *1 (D. Minn. Feb. 2, 2021).  Because the Eighth Circuit has not weighed in on the proper standard of review and because Defendant's objections fail under either standard, the Court will review the R&R de novo.

by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). An indictment is usually considered sufficient so long as it tracks the language of the governing statute. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Lopez contends that Counts 2 and 3 of the Indictment should be dismissed for failure to state an offense. The Court will address each Count in turn.

### 1. Count 2

Count 2 of the Indictment alleges that Lopez assaulted, resisted, and impeded certain officers in violation of 18 U.S.C. § 111(a)(1) after allegedly assaulting an HCSO deputy who was assisting federal agents. (Indictment at 2–3.) Lopez argues that Count 2 must be dismissed for failure to state an offense because the Indictment fails to specify "what federal officer or employee said deputy was assisting in [the] performance of their official duties" and so, "there is no way to determine if and how the sheriff deputy was assisting a federal officer in performance of official duties as required for this charge to apply to conduct towards a non-federal officer." (Mot. to Dismiss Indictment for Failure to State Offense at 1–2.) The Court disagrees.

18 U.S.C. § 111(a)(1) prohibits the assault of "any person designated in [18 U.S.C. § 1114] while engaged in or on account of the performance of official duties." Section 1114 covers federal officers and employees as well as "**any person assisting such an officer or employee in the performance of such duties or on account of that assistance**." (emphasis added).

Here, Count 2 of the Indictment tracks the statutory language of 18 U.S.C. § 111(a)(1) and is therefore sufficient on its face. *See Sewell*, 513 F.3d at 821. More importantly, the Indictment contains all of the essential elements of the charged offense by alleging that Lopez assaulted an HCSO deputy who was assisting federal officers who were performing their official duties. As the Magistrate Judge noted, Lopez cites no authority, and the Court has found none, requiring an indictment to identify the specific federal officer or to describe how the state officer was allegedly assisting a federal officer. (*See* R&R at 5.) Because Count 2 of the Indictment contains the essential elements of the charged offense, fairly informs Lopez of the charges, and alleges sufficient information to allow Lopez to plead double jeopardy as a bar to future prosecution, the Court finds that the Indictment satisfies Federal Rule of Criminal Procedure 7(c) and will overrule Lopez's objection as to Count 2. *See Fleming*, 8 F.3d at 1265.

### 2. Count 3

Count 3 of the Indictment charges Lopez with Obstruction of Law Enforcement During Civil Disorder under 18 U.S.C. § 231(a)(3). (Indictment at 2.) Lopez argues that the Indictment fails to state an offense because the Indictment fails to sufficiently allege "whether or how there was a civil disorder, that law enforcement was lawfully responding to that civil disorder, that Ms. Lopez knowingly committed an act to obstruct and impede law enforcement, and [the] nature of the federally protected function she was allegedly interfering with." (Mot. to Dismiss Indictment for Failure to State Offense at 2.) This argument fails.

Like Count 2, Count 3 of the Indictment tracks the statutory language of 18 U.S.C. § 231(a)(3). See *Sewell*, 513 F.3d at 821. Moreover, contrary to Defendant's assertion, an indictment need not allege every fact constituting the offense. *United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007) ("Typically an indictment is not sufficient only if an essential element of the offense is omitted from it."); *United States v. Afremov*, Crim. No. 6-196, 2007 WL 3237630, at *13 (D. Minn. Oct. 30, 2007) ("Indictments need not exhaustively recount the facts surrounding the crime's commission."). Because Count 3 sets forth the essential elements of the offense, fairly informs Lopez of the charge, and provides sufficient detail to permit a double-jeopardy defense in a subsequent proceeding, the Court concludes that the Indictment is sufficient under Federal Rule of Criminal Procedure 7(c) and will overrule Lopez's objection as to Count 3. *See Fleming*, 8 F.3d at 1265.

**B. Motion to Dismiss as Unconstitutional**

Lopez also moves to dismiss Count 3 (Obstruction of Law Enforcement During Civil Disorder in violation of 18 U.S.C. § 231(a)(3)) as unconstitutional under the First, Fifth, and Fourteenth Amendments. (Docket No. 42.) Lopez first argues that 18 U.S.C. § 231(a)(3) is unconstitutionally overbroad because it infringes on her rights of free speech and assembly under the First Amendment. Lopez also asserts that the statute violates her due process rights under the Fifth and Fourteenth Amendments.

### 1. Overbreadth Under First Amendment

Section 231(a)(3) makes it illegal to "obstruct, impede, or interfere" with a law enforcement officer who is "lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder," where that act "obstructs, delays, or adversely affects . . . the conduct or performance of any federally protected function." 18 U.S.C. § 231(a)(3). 18 U.S.C. § 232(1) defines "civil disorder" as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." Lopez asserts that 18 U.S.C. § 231(a)(3) violates her First Amendment rights, arguing that the statute is overbroad. (Mot. to Dismiss Count 3 as Unconstitutional at 1–3.)

Lopez's argument fails at the threshold because Eighth Circuit has squarely held that § 231(a)(3) does not implicate the First Amendment. *United States v. Mechanic*, 454 F.2d 849, 852–853 (8th Cir. 1971). The statute, the Eighth Circuit explained, has "no application to speech, but applies only to violent physical acts." *Id.* Because § 231(a)(3) does not cover speech, the First Amendment is not implicated.

Attempting to sidestep *Mechanic*, Lopez asserts that *Mechanic* is distinguishable because the Indictment here does not allege sufficiently **violent** acts to warrant the application of § 231(a)(3). The Court rejects Lopez's reading of *Mechanic*. As other courts

have explained,[2] § 231(a)(3) is not limited to only **violent** acts; the statute does not distinguish between violent or non-violent acts. Instead, the statute applies to "**any act** to obstruct, impede, or interfere." 18 U.S.C. § 231(a)(3) (emphasis added). The statute is clear: Section 231(a)(3) criminalizes certain **acts**—violent or otherwise—not speech.

To be sure, the affidavit underlying the Complaint alleges serious physical acts, including (1) attempting to hit an officer "with her arms and/or closed fist" (Evans Aff. ¶ 18), (2) kicking the same officer while resisting (*id.*), (3) pushing an FBI SWAT officer with her arms (*id.* ¶ 19), and (4) throwing a "softball or ball-shaped object" at officers at least twice (*id.* ¶ 23–24). Because the Eighth Circuit has held that § 231(a)(3) does not apply to speech and the Government alleges significant physical acts, Lopez's First Amendment challenge fails.

### 2. Vagueness Under Due Process

A criminal statute violates due process if the statute is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). Lopez's position is that Count 3 should be dismissed because 18 U.S.C. § 231(a)(3) is

---

[2] *See United States v. Howard*, Crim. No. 21-28, 2021 WL 3856290, at *11 (E.D. Wis. Aug. 30, 2021 (declining to limit § 231(a)(3) to exclusively violent acts and explaining that "[i]t appears that the Eighth Circuit was considering the specific 'acts' committed by the defendants in [*Mechanic*]—throwing cherry bombs at police officers and firemen—when it referenced 'violent acts'"); *United States* v. *Phomma*, 561 F. Supp. 3d 1059, 1068 (D. Or. 2021) (noting that § 231(a)(3) "reaches non-violent and violent conduct").

unconstitutional vague and therefore violates her due process rights under the Fifth and Fourteenth Amendments. (Mot. to Dismiss Count 3 as Unconstitutional at 3–4.) Lopez makes two arguments to support her position. First, Lopez contends that the phrase "obstruct, impede, or interfere" is overly vague as it could be interpreted to prohibit constitutionally protect activity (i.e., speech). (*Id.* at 3.) Second, she argues that the statute is vague because "it is not clear whether a defendant must obstruct, impede, or interfere with officers or whether the defendant must participate in the civil disorder." (*Id.* at 4.)

Again, consistent with the Eighth Circuit's decision in *Mechanic*, the Court rejects both of Lopez's arguments. First, because § 231(a)(3) does not target speech and Lopez's alleged conduct can be constitutionally prohibited, the "defendant[] may not challenge it as vague." *See Mechanic*, 454 F.2d at 853. Second, § 231(a)(3) is also not impermissibly vague as the statute plainly criminalizes certain acts committed "**during** the commission of a civil disorder[.]" 18 U.S.C. § 231(a)(3) (emphasis added). But the statute does not criminalize the "mere presence at a civil disorder." *Mechanic*, 454 F.2d at 853. According to the Eighth Circuit, the phrase "civil disorder" does nothing more than "describe[] the environment in which the act must be committed in order to be subject to prosecution under § 231(a)(3)." *Id.* Accordingly, the Court concludes that § 231(a)(3) is not unconstitutionally vague, and the statute therefore does not violate Lopez's due process

rights.  For these reasons, as well as those stated in the R&R, the Court will overrule Lopez's objections and deny Lopez's Motion to Dismiss Count 3 as Unconstitutional.

## CONCLUSION

As to Counts 2 and 3, the Court concludes that the Indictment does not fail to state an offense because it contains the essential elements of the charged offense, fairly informs Lopez of the charges, and alleges sufficient information to plead double jeopardy in a subsequent prosecution.  The Court also concludes that 18 U.S.C. § 231(a)(3) is neither overbroad nor unconstitutionally vague, and thus, the statute does not violate Lopez's rights under the First, Fifth, and Fourteenth Amendments.  Accordingly, the Court will overrule Lopez's objections, adopt the R&R, and deny Lopez's motions to dismiss (Docket Nos. 41 and 42).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Isabel Lopez's Objections to the Report and Recommendation (Docket No. [63]) are **OVERRULED**.

2. The Report and Recommendation (Docket No. [62]) is **ADOPTED**.

3. Defendant Lopez's Motion to Dismiss the Indictment for Failure to State an Offense (Docket No. [41]) is **DENIED**.

4. Defendant Lopez's Motion to Dismiss Count 3 as Unconstitutional (Docket No. [42]) is **DENIED**.

DATED: January 27, 2026
at Minneapolis, Minnesota.

                                                      JOHN R. TUNHEIM
                                        United States District Judge